

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00092-CV

_____

JANE DOE, Appellant

V.

HPA TEXAS SUB 2017-1-ML, LLC, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2023-001870-2

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Jane Doe attempts to appeal from an order sustaining a contest to her affidavit of inability to pay for an appeal and declaring that she was able to pay court costs and an appeal bond in her eviction case. *See* Tex. R. Civ. P. 510.9.

"As a general rule, appeals may be taken only from final judgments." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). "Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

After Appellant filed her notice of appeal, we sent her a letter expressing our concern that we may not have jurisdiction over the appeal because the order does not appear to be a final judgment or an appealable interlocutory order, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), and because the Rules of Civil Procedure applicable to eviction suits do not otherwise provide a mechanism for appeal of such an order. *See* Tex. R. Civ. P. 500.3(e), 510.9; *Ferguson v. Self*, No. 02-21-00279-CV, 2021 WL 4783163, at *1 (Tex. App.—Fort Worth Oct. 14, 2021, no pet.) (per curiam) (mem. op.). We warned Appellant that unless she or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal could be dismissed for want of

jurisdiction. *See* Tex. R. App. P. 44.3. Appellant filed a response, but it does not state adequate grounds for continuing the appeal.[1]

We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: May 25, 2023

---

[1]For example, Appellant argued that there had been "bias per the judge" and that "[t]his appeal is valid and needs to be done because now they are now not telling the truth."